993 F.2d 1549
 61 Fair Empl.Prac.Cas. (BNA) 1288
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Henry DEUSCHLE, Plaintiff-Appellant,
v.
UNISYS CORPORATION, Defendant-Appellee.
 No. 92-2569.
 United States Court of Appeals, Seventh Circuit.
 Argued April 2, 1993.
Decided May 18, 1993.
 
 1
 Before CUDAHY and ROVNER, Circuit Judges, and REAVLEY, Senior Circuit Judge*.
 
 Order
 
 2
 Plaintiff Henry Deuschle appeals the district court's directed verdict in favor of Defendant Unisys Corporation (Unisys) in this age discrimination case. We affirm.
 
 I.
 
 3
 Deuschle was employed by Unisys and its predecessor Burroughs Corporation from June 1952 to October 1989. Unisys, formed in 1986 by the merger of Burroughs and Sperry Corporation, underwent significant downsizing during the late-1980s. Pursuant to a companywide reorganization and reduction-in-force (RIF), Deuschle and two co-workers in the Springfield, Illinois unit of Unisys's Customer Services and Support (CSS) Division were laid off in October 1989.
 
 
 4
 Deuschle alleges that Unisys discriminated against him because of his age on October 3, 1989 when it eliminated his job function as environmental sales coordinator and failed to lay off a less-senior CSE to make room for Deuschle's reassignment to CSE status. The district court, after the close of evidence, directed a verdict in favor of Unisys on the ground that Deuschle had offered no evidence that would permit a rational juror to find that Unisys's proffered explanation for Deuschle's termination was merely a pretext for unlawful age discrimination.
 
 II.
 
 5
 This court will uphold a directed verdict when the evidence, together with all the inferences that reasonably could be drawn from it, considered most strongly against the moving party, does not create a jury question. Crowder v. Lash, 687 F.2d 996, 1002 (7th Cir.1982).
 
 
 6
 The district court based its directed verdict upon its holding that Unisys articulated legitimate, nondiscriminatory reasons for the plaintiff's discharge, which Deuschle was not able to prove were merely pretextual. See Oxman v. WLS-TV, 846 F.2d 448, 453, 456 (7th Cir.1988). Pretext can be proven either by evidence that discriminatory reasons more likely than not motivated the employer or by evidence that the employer's proffered reasons are incredible or unworthy of credence. Id. at 453, 456. However, it is not the trier-of-fact's duty to determine the validity of the employer's business decision, as long as the decision was made in good faith. Dorsch v. L.B. Foster Co., 782 F.2d 1421, 1426 (7th Cir.1986). Rather, evidence of pretext "must demonstrate that a discriminatory reason, rather than a performance-related reason was used" by the employer. Id.
 
 
 7
 Unisys offered unrebutted evidence that Deuschle's environmental sales coordinator function was eliminated for legitimate business reasons unrelated to age. Unisys had experienced significant financial problems since its formation in 1986 and circumstances did not justify maintaining the environmental coordinator job function after October 1989, since most of the job functions had previously been performed and continued to be performed by other CSEs and the remaining functions were ultimately the responsibility of Deuschle's immediate supervisor.
 
 
 8
 Unisys further proved that its failure to reassign Deuschle to a CSE function also stemmed from legitimate business reasons unrelated to age, to wit: (1) the Springfield unit had to service existing customers after the October 1989 RIF with fewer CSEs, and Deuschle had not serviced computers and business equipment for over a year prior to the reduction; (2) terminating the employment of active CSEs in order to reassign Deuschle to a technical job function would have disrupted existing customer relationships; (3) unlike all of the retained CSEs, Deuschle did not have prior responsibilities or training to provide technical service work on mainframe computer equipment, which accounted for a significant portion of the Springfield unit's work and revenues; (4) all of the retained CSEs had prior responsibilities and training not only on mainframes, but also in the "general products" and "peripheral" categories; much of Deuschle's experience and training in the "general products" and "peripheral" categories had become obsolete, and one or more of the retained CSEs were capable of performing any work within Deuschle's capabilities; and (5) Deuschle had a history of documented poor customer relations over an eight-year period when he most recently had worked as a CSE.
 
 III.
 
 9
 Our review of the record sustains the district court conclusion that no reasonable fact finder could find that age more likely than not motivated Unisys to eliminate the environmental coordinator job function, nor do any facts reasonably support a finding that Unisys's proffered explanation for eliminating the job function was incredible or unworthy of credence. The district court also correctly concluded that no rational trier of fact could find that Unisys's proffered reasons for not terminating an active CSE in order to facilitate reassigning Deuschle were more likely than not based on discriminatory motives, incredible, or unworthy of credence.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Of the Fifth Circuit, sitting by designation